Christina M. Martin, OSB #084117
*Lead Counsel*
CMartin@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111

Andrew R. Quinio, Cal. Bar No. 288101*
AQuinio@pacificlegal.org
Joshua P. Thompson, Cal. Bar No. 250955*
JThompson@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111

*Attorneys for Plaintiffs*
* *pro hac vice motions forthcoming*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| TYLER LYNN, | Case No. 1:24-cv-211 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| MELISSA GOFF, in her official capacity as Interim Executive Director of the Oregon Teacher Standards and Practices Commission, | |
| Defendant. | |

## <u>INTRODUCTION</u>

1.       Tyler Lynn has been an Oregon public school teacher for over 20 years. He is bilingual and teaches all levels of Spanish. He has also taught English language development to students whose first language is not English. Mr. Lynn is beloved by his students and colleagues.

He welcomes students of all backgrounds into his classroom and is dedicated to giving each of them an enriching environment where they can learn and develop a new language and gain an appreciation for other cultures. The respect he gives his class doesn't just come from his solemn duty as a public school teacher to protect his students' constitutional rights, but also from his fundamental belief in treating his students fairly and with dignity.

2.      Oregon could use a lesson from Mr. Lynn. Unlike how Mr. Lynn treats his students, Oregon treats its teachers differently based on their race. The state's Diversity License Reimbursement Program reimburses select teachers for the cost of obtaining or renewing their teaching licenses. But Mr. Lynn is not eligible since the program only reimburses "diverse" teachers. Despite a career dedicated to teaching a foreign language and educating about other cultures, Mr. Lynn does not qualify as "diverse" under Oregon law. Consequently, when Mr. Lynn tried to apply to the program to cover the costs of renewing his license, he was denied.

3.      Oregon's discriminatory treatment of long-serving and devoted teachers like Mr. Lynn is particularly problematic in a state where teachers are in high demand and schools struggle to retain their staff. Bilingual teachers are in especially short supply. Despite the difference that Mr. Lynn is making—including in expanding diversity and increasing his students' appreciation for other cultures—the state denies him a benefit that would help offset expenses for teachers like him. And the state denies him that benefit solely because he has the wrong skin color.

4.      As Mr. Lynn has always stood up for fairness and equality, he is taking a stand for the right to be treated equally in the state's Diversity License Reimbursement Program. In doing so through this lawsuit, he is continuing an essential lesson for his students that the government must treat individuals equally and fairly, regardless of their race.

*Complaint*                                                2

## JURISDICTION AND VENUE

5.    This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(b), as Defendant is a resident of this judicial district and the state of Oregon. Venue is also proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred or will occur in this district.

## PARTIES

7.    Plaintiff Tyler Lynn is an individual who resides in Eagle Point, Oregon. Mr. Lynn is classified as white by Oregon law. He attempted to apply for the Diversity License Expense Reimbursement Program on or about October 23, 2023. Mr. Lynn is able and ready to apply for the reimbursement program if his race and ethnicity were not a bar to applying.

8.    Defendant Melissa Goff is the Interim Executive Director of the Oregon Teacher Standards and Practices Commission (TSPC). TSPC is an agency of the state of Oregon which licenses and establishes proficiency standards for state educators. It consists of 17 members who are appointed by the Governor. TSPC appoints an Executive Director to provide services as the commission requires. As the Interim Executive Director of TSPC, Ms. Goff is responsible for providing guidance on and oversight of TSPC programs and possesses final policy-making authority. Ms. Goff is being sued in her official capacity.

## FACTUAL ALLEGATIONS

### The Diversity License Expense Reimbursement Program

9.    On May 16, 2019, the Oregon governor approved HB 3427, the "Student Success Act." The Act enacted Chapter 122, Section 48 of the 2019 Oregon Laws, which directed the state

Department of Education and the Educator Advancement Council to consult with TSPC and a variety of other education stakeholders to develop plans for programs and initiatives for teacher professional development. The goals for these plans included increasing educator retention and diversity.

10.    TSPC then created the Diversity License Expense Reimbursement Program. TSPC established the criteria and funding for the program by adopting Oregon Administrative Rules 584-200-0120 and 584-200-0121.

11.    Under the program, TSPC will reimburse teachers, administrators, and personnel for the cost of seeking, obtaining, and renewing their licenses.

12.    To be eligible for reimbursement under the program, a teacher must have submitted an application and fee, as well as incurred eligible expenses for obtaining or renewing a teaching license between July 1, 2020, and June 30, 2024.

13.    Eligible expenses include the cost for license fees, fingerprinting, transcripts, or other expenses as approved by the TSPC Executive Director. Applicants cannot have received a reimbursement for their costs elsewhere.

14.    Not every teacher who has incurred license fees and expenses is eligible for reimbursement. To obtain a reimbursement, a teacher must be "of diverse origins or language," as defined in section 342.433 of Oregon Revised Statutes.

15.    Under section 342.433, "Diverse" means:

Culturally or linguistically diverse characteristics of a person, including:

(a) Origins in any of the black racial groups of Africa but is not Hispanic;

(b) Hispanic culture or origin, regardless of race;

(c) Origins in any of the original peoples of the Far East, Southeast Asia, the Indian subcontinent or the Pacific Islands;

(d) Origins in any of the original peoples of North America, including American Indians or Alaska Natives; or

(e) A first language that is not English.

16.    A true and correct copy of the program's eligibility criteria and application instructions are attached to this Complaint as Exhibit A.

17.    Because eligibility is based on race, a white applicant can receive a reimbursement only if their first language is not English. On the other hand, minority applicants are automatically eligible for reimbursement regardless of their first language.

18.    TSPC asserted several reasons in the rules it promulgated for establishing the program's criteria and funding, explaining, "By lowering barriers, candidates will be encouraged to be licensed and part of Oregon's education workforce ...." Oregon Teacher Standards and Practices Commission, Temporary Administrative Order No. TSPC 6-2020 (November 12, 2020).

19.    TSPC also asserted that the program would "mitigate the barriers educators of diverse backgrounds face to be licensed," and that without it, "there can be no lowering of barriers, thereby preventing the increased workforce diversity and better student outcomes." *Id*., Temporary Administrative Order No. TSPC 1-2021 (May 15, 2021).

20.    Furthermore, the program would "increase the diversity of the educator workforce so that it reflects the percentage of diverse students in Oregon." *Id*., Permanent Administrator Order No. TPSC 16-2021 (November 10, 2021).

21.    These reasons align with the state's goal set forth in section 342.437 of Oregon Revised Statutes to have "the percentage of diverse educators employed by a school district or an

education service district reflect[] the percentage of diverse students in the public schools of this state or the percentage of diverse students in the district."

22.     To apply for the program, applicants must complete the electronic Licensure Fees Reimbursement Request Form on the TSPC website. They must also submit receipts of their expenses and other required documentation to LicenseReimburse.tspc@tspc.oregon.gov, or upload them to their account on the TSPC eLicensing system.

23.     TSPC has funding for the program from July 1, 2020, to June 30, 2024.

**TSPC Prevents Mr. Lynn from Applying for a Reimbursement Because of His Race**

24.     Mr. Lynn is a public school teacher with the Eagle Point School District. He possesses a professional teaching license, which permits him to teach pre-kindergarten through twelfth grade classes in Oregon public school districts, education service districts, and charter schools. His license is valid for five years and renewable if he completes continuing professional development requirements.

25.     On June 9, 2021, Mr. Lynn applied to renew his professional teaching license. He paid the $182.00 application fee and a $10.00 portal service fee for using the TSPC eLicensing portal to submit his application and other requisite documents, paying a total of $192.00.

26.     Mr. Lynn's professional teaching license is a type of license for which the fees and costs are eligible for reimbursement under TSPC's Diversity License Expense Reimbursement Program.

27.     But Mr. Lynn is not eligible to receive a reimbursement because Oregon does not consider him "diverse."

28.     On October 23, 2023, Mr. Lynn initiated an application on the TSPC website for the reimbursement program. The first question on the application verified Mr. Lynn's eligibility

for the program by asking him to confirm that he applied to renew his teaching license after July 1, 2020; that he incurred qualifying license expenses, such as a fee paid in eLicensing; that he had not been reimbursed for these costs elsewhere; that he had not received any prepaid test vouchers for these costs; and that he met the definition of a "diverse educator" under section 342.433 of the Oregon Revised Statutes.

29.     Mr. Lynn was able to confirm that he satisfies each of the listed eligibility requirements except for the one that requires him to be a diverse educator. Mr. Lynn does not meet Oregon's definition of a diverse educator because he is not a racial minority and English is his first language. He thus indicated on the application he did not satisfy each of the requisites to be eligible for reimbursement:



30.     As a result, the application informed Mr. Lynn that he did not qualify for the reimbursement program:



31.     Mr. Lynn would be eligible for reimbursement if he were a racial or ethnic minority.

32.     To date, Mr. Lynn has not been reimbursed or otherwise received any funds from the Diversity License Expense Reimbursement Program.

## CLAIM FOR RELIEF

**TSPC'S Race-Based Eligibility Requirements for License Reimbursement
Violate the Equal Protection Clause of the Fourteenth Amendment
Through 42 U.S.C. § 1983**

33.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this Complaint.

34.     Those aggrieved by constitutional violations undertaken by state actors acting under color of law have a private right of action under 42 U.S.C. § 1983.

35.     State actors and their agents, under the color of state law, have enacted and enforced, and will continue to enact and enforce, the state's eligibility preference for minority

applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws. Defendant authorized, developed, and implemented the state's preference for minority applicants.

36.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

37.    Oregon's eligibility preference for minority applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws, is subject to strict scrutiny.

38.    Defendant does not have a compelling interest in providing an eligibility preference to minority applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws.

39.    Defendant's eligibility preference for minority applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws, is not narrowly tailored to a compelling government interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Declare Oregon's eligibility preference for minority applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws unconstitutional under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(b) Permanently enjoin Defendant and Defendant's officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendant from enforcing or giving any effect to Oregon statutes, administrative rules, and any other policy, practice, or procedure that prefers minority applicants for reimbursement of license fees and expenses, including reimbursements under the Diversity License Expense Reimbursement Program, Oregon Administrative Rules 584-200-0120 and 584-200-0121, and Chapter 122, Section 48 of the 2019 Oregon Laws, and from otherwise discriminating on the basis of race in administering such reimbursement programs;

(c) Issue an award of attorneys' fees and costs in this action pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988; and

(d) Provide such other and further relief as the Court deems just and proper.

DATED: February 1, 2024.

Respectfully submitted,

Andrew R. Quinio, Cal. Bar No. 288101*
AQuinio@pacificlegal.org
Joshua P. Thompson, Cal. Bar No. 250955*
JThompson@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111

By s/ Christina M. Martin
Christina M. Martin, OSB #084117
*Lead Counsel*
CMartin@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111

*Attorneys for Plaintiff Tyler Lynn*
*\* pro hac vice motions forthcoming*